**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 25**

Docket No. DE-315H-15-0241-I-1

**Stephen B. LeMaster,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

July 5, 2016

Reuben Ard, III, Helena, Montana, for the appellant.

Letha Miller, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2    Effective November 16, 2014, the appellant received an appointment to the competitive service position of GS‑05 Program Support Clerk, subject to a 1-year probationary period.[1]  Initial Appeal File (IAF), Tab 7 at 31.  While the appellant was still serving his probationary period, the agency notified him that he would be terminated from his position, effective February 13, 2015, due to "conduct issues" relating to the terms of a June 22, 2007 court-ordered probation agreement that was entered following his release from prison for bank fraud.  *Id.* at 24-27, 29, 33.  The agency's termination notice cited the terms of the appellant's probation agreement, which, among other things, required him to inform any employer or prospective employer of his current conviction and supervision status, prohibited him from possessing or using a computer with access to any online computer service without the prior written approval of the

[1] The Standard Form 50 (SF-50) concerning the appellant's appointment indicates that he received a career-conditional appointment to a competitive-service position pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA), as amended by section 511 of the Veterans Millennium Health Care and Benefits Act, Pub. L. No. 106‑117, 113 Stat. 1545 (1999).  IAF, Tab 7 at 31.  The relevant portion of VEOA requires agencies to allow preference eligibles or eligible veterans to compete for vacant positions when the agency will accept applications from individuals from outside its own workforce.  5 U.S.C. § 3304(f)(1).  Prior to the 1999 amendment, appointees under this authority were given Schedule B appointments in the excepted service; however, since the 1999 amendment, such appointees receive career or career‑conditional appointments to the competitive-service position.  *See* 5 U.S.C. § 3304(f)(2); *Brandt v. Department of the Air Force*, 103 M.S.P.R. 671, ¶¶ 21‑23 (2006).  In contrast to the appointment SF-50, the agency's November 7, 2014 letter notifying the appellant of his appointment describes the type and length of his appointment in terms that would apply to a Veterans Recruitment Appointment (VRA), which is distinct from a VEOA appointment.  IAF, Tab 3 at 8; *see* 5 C.F.R. part 307.  For purposes of this appeal, whether the appellant received a VRA or VEOA appointment is immaterial because, as set forth in 5 C.F.R. § 307.105, "any individual serving under a VRA, whose employment under the appointment is terminated within 1 year after the date of such appointment, has the same right to appeal that termination as a career or career-conditional employee has during the first year of employment," which includes the right to appeal what is at issue here, set forth in 5 C.F.R. § 315.806.

court, and prohibited him from possessing or using any public or private data encryption technique or program. *Id.* at 24. The termination notice also stated that, during his employment, the appellant failed to disclose to the agency that his computer access and use was in violation of his probation agreement and that his inability to use the agency's computer system prevented him from performing his job duties. *Id.* at 25.

¶3        The appellant filed a Board appeal challenging his termination and requesting a hearing. IAF, Tab 1 at 2, 4. The administrative judge issued an order informing him of his burden to establish the Board's jurisdiction and directing him to file evidence and argument to prove that his appeal was within the Board's jurisdiction. IAF, Tab 2 at 3-5. In response, the appellant did not allege that he was an employee with appeal rights under 5 U.S.C. chapter 75, but rather, argued that the Board has jurisdiction pursuant to 5 C.F.R. § 315.806(c) because he was terminated for preappointment reasons and the agency failed to afford him the procedural protections set forth in 5 C.F.R. § 315.805. IAF, Tab 13 at 3. He further asserted that the agency erroneously determined that his performance of his job duties violated his probation agreement because, in 2012, a modified court order was entered allowing him to access and use computers subject to the terms of a computer and internet monitoring program, and his probation officer had granted him permission to take the job after speaking with a human resources specialist and obtaining a copy of the position description. IAF, Tab 3 at 16, 22−23, Tab 10 at 5-6.

¶4        The agency moved to dismiss the appeal for lack of jurisdiction, arguing that it terminated the appellant for postappointment reasons. IAF, Tab 9 at 4-8. According to the agency, it did not learn of the specific terms of the appellant's probation agreement until 2 months after his appointment, and it subsequently terminated him based on the conditions of his probation, which prohibited his use of a computer with online access without prior court approval, and his failure to

disclose that the terms of his probation agreement would prevent him from performing his job duties. *Id.* at 5.

¶5 Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID). The administrative judge ruled that the appellant was terminated for postappointment reasons because, although the conditions of the appellant's probation existed prior to his appointment, he was not terminated based on the existence of the probation conditions themselves, but rather, based on his failure to inform the agency that he was violating the terms of his probation after he began his employment and used agency computer systems. ID at 8-9.

¶6 The appellant has filed a petition for review in which he reasserts his argument that he was terminated for preappointment reasons and disputes the merits of the agency's termination decision. Petition for Review (PFR) File, Tab 1 at 3-6. The agency has opposed the petition for review. PFR File, Tab 3. The appellant has filed a reply.[2] PFR File, Tab 4.

## ANALYSIS

¶7 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the

---

[2] The agency served the appellant with its response on April 25, 2016. PFR File, Tab 3 at 9; *see* 5 C.F.R. § 1201.4(j), (*l*). The Board's regulations provide 10 days to file a reply after the date of service of the agency's response. 5 C.F.R. § 1201.114(e). The Clerk of the Board advised the appellant of this deadline. PFR File, Tab 2 at 1. However, the appellant did not file his reply until May 18, 2016. PFR File, Tab 4. The appellant failed to accompany his reply with a motion showing good cause for this untimely filing, and we see no reason to determine good cause exists based on the existing record. *See* 5 C.F.R. § 1201.114(g). Accordingly, we have not considered the appellant's reply in reaching our decision in this matter. On remand, however, the appellant may raise the various arguments he made in his reply concerning why the agency erroneously determined that he was violating his probation agreement to the extent they are relevant to the issue of harmful error.

burden of proving the Board's jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  Under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before his appointment may appeal his termination to the Board on the ground that it was not effected in accordance with the procedural requirements set forth in 5 C.F.R. § 315.805.[3]  In such appeals, the merits of the agency's termination decision are not before the Board.  *Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 7 (2008).  Rather, the only issue is whether the agency's failure to follow the procedures prescribed in section 315.805 was harmful error.  *Hope*, 108 M.S.P.R. 6, ¶ 7.  If there was harmful error, then the agency's action must be set aside.  *Id.*

¶8        We agree with the appellant that his termination was based, at least in part, on preappointment reasons and he was, therefore, entitled to the procedural requirements set forth in 5 C.F.R. § 315.805.  The agency's termination letter specifically cites the terms of the appellant's June 22, 2007 court-ordered probation agreement.  IAF, Tab 7 at 24.  Both below and on review, the agency has maintained that it terminated the appellant based on the conditions of his probation agreement, as well as on his failure to disclose that such conditions would prevent him from performing his job duties.[4]  IAF, Tab 9 at 5; PFR File,

---

[3] The appellant does not dispute the administrative judge's findings that he is not an employee who has a statutory right of appeal to the Board under 5 U.S.C. chapter 75 and does not allege that his termination was based upon either partisan political reasons or marital status, which would give rise to a regulatory right of appeal under 5 C.F.R § 315.806(b).  ID at 7.

[4] The agency also contends that, *prior to accepting employment*, the appellant failed to inquire as to whether the job would require computer usage that violated the terms of his probation agreement and failed to disclose the specific terms of his probation agreement.  IAF, Tab 7 at 6.  Such reasons, though clearly preappointment, were not mentioned in the agency's termination notice and so we have not considered them.  *Id.* at 24-25; *see Pope v. Department of the Navy*, 62 M.S.P.R. 476, 478 (1994) (stating that an agency may not retrospectively recharacterize the expressly stated reasons for an action).

Tab 3 at 5. The agency has argued, however, that the appellant was terminated based on postappointment reasons because his probation agreement was merely a preexisting condition that affected his postappointment performance by preventing him from performing his job duties. IAF, Tab 9 at 6-7; PFR File, Tab 3 at 6-7.

¶9    We disagree and find that the cases that the agency relies upon in support of this argument are distinguishable. In *Von Deneen v. Department of Transportation*, 33 M.S.P.R. 420, 423, *aff'd*, 837 F.2d 1098 (Fed. Cir. 1987) (Table), the Board found that a probationer was terminated for postappointment reasons when, after his appointment, he was denied a security clearance required for his position, although the basis for denying the clearance was a condition that existed prior to his appointment. Similarly, in *Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 8 (2010), the Board found that, even assuming that a probationer's postappointment failure to qualify for a Government credit card was attributable to his preappointment credit history, his termination for failure to secure approval for the card constituted a postappointment reason for termination because securing the card was a requirement of his position, which he failed to satisfy.

¶10   In contrast, in the present case, the appellant was not terminated because, following his appointment, he was denied or failed to obtain a condition of employment based on a preexisting condition. Rather, he was terminated based on the terms of the probation agreement, a condition that existed prior to his appointment. Moreover, unlike *Von Deneen* and *Rivera*, it is not clear that the appellant's probation agreement prevented him from performing his job duties or that he failed to satisfy a requirement of his position as a result of his probation agreement. Although the agency's termination notice cites to the conditions of the appellant's June 22, 2007 probation agreement prohibiting his computer use without prior court approval, IAF, Tab 7 at 24, the record reflects that such conditions were subsequently modified by the court on August 29, 2012, over

2 years prior to the appellant's appointment, to permit him to use and access computers under the terms of the U.S. Probation and Pretrial Services Office Computer and Internet Monitoring Program, IAF, Tab 3 at 13-15, 19-21. Additionally, the appellant submitted emails from his probation officer in which she indicates that she allowed the appellant to accept the job after speaking with a human resources specialist regarding the details of the job duties, obtaining a copy of the job description, and verifying that the agency was aware of the appellant's conviction and that he was under a term of supervision. *Id.* at 22-23. In an email, the appellant's probation officer also states that she would never have allowed him to accept the position if she thought that it would have been in violation of the terms of his probation. *Id.* at 16.

¶11    We find the decision in *Jones v. Department of Justice*, 524 F. App'x 660 (Fed. Cir. 2013), to be instructive.[5]    In *Jones*, the agency terminated the employment of a probationary Cook Supervisor after receiving the results of an internal investigation into his misconduct in a prior position as a Correctional Officer. *Jones*, 524 F. App'x at 661-62.    Although the probationer's preappointment misconduct was not substantiated until the postappointment receipt of the report, the court found that the Board correctly concluded that he was terminated for preappointment reasons. *Id.* at 663-64.

¶12    Similarly, here, the agency contends that it did not become aware of the specific terms of the appellant's probation agreement until 2 months after he was appointed, and it subsequently terminated him for reasons including "the conditions of [his] probation" concerning computer access and monitoring. IAF, Tab 9 at 5; PFR File, Tab 3 at 5.  We find that the agency based the appellant's termination, at least in part, on the conditions of his probation and that these

---

[5] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit where, as here, it finds its reasoning persuasive. *See, e.g.*, *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

conditions arose before his appointment. IAF, Tab 3 at 24-25, Tab 9 at 5. The agency concedes that the appellant identified his conviction and probation status on his declaration for Federal employment, dated October 24, 2014, but does not explain why it hired him without inquiring about the specific terms of his probation status. IAF, Tab 9 at 4; PFR File, Tab 3 at 4. Nor does the agency dispute the appellant's assertions that his probation officer contacted a human resources specialist to confirm that the agency was aware of the appellant's prior bank fraud conviction and that the appellant was currently on Federal supervision and needed to comply with all of the conditions of his supervision. IAF, Tab 3 at 16, 22-23, Tab 10 at 5. Even if the agency did not become aware of the specific conditions of the appellant's probation agreement until after he was appointed, the timing of the agency's discovery of the specific terms of his preappointment probation agreement does not render the appellant's termination to be based on conditions arising postappointment.

¶13        This is not to say that, after becoming aware of the terms of the appellant's probation agreement, the agency could not have terminated his employment during his probationary period. The agency was nonetheless required to afford the appellant the procedural protections set forth in 5 C.F.R. § 315.805. It is undisputed that the agency did not provide the appellant with these procedural rights, which include advance notice of the termination, an opportunity to respond, and consideration of the response. IAF, Tab 9 at 8; *see* 5 C.F.R. § 315.805. Therefore, the relevant inquiry is whether the agency's failure to follow these procedures was harmful error. *Hope*, 108 M.S.P.R. 6, ¶ 7.

¶14        It is well established that harmful error cannot be presumed; an agency error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 8; 5 C.F.R. § 1201.4(r). The burden is on the appellant to show that the procedural error was harmful. 5 C.F.R. § 1201.4(r). Because the administrative judge found that the Board lacks jurisdiction over this

appeal, the record is not developed on the issue of whether the appellant met his burden of establishing that the agency would not have terminated him had it provided him with advance notice of the termination, an opportunity to respond, and consideration of his response.  On remand, the administrative judge shall render a new decision after affording the parties the opportunity to present evidence and argument on this issue.

## ORDER

¶15      For the reasons discussed above, we find that the appellant has established the Board's jurisdiction over this matter pursuant to 5 C.F.R. § 315.806(c), and we remand this case to the field office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.